**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Santonio Lenord MINUS, a/k/a Cheese, a/k/a Baldhead, a/k/a B.G., a/k/a Santonio Minus, Defendant–Appellant.**

**No. 13–4420.**

United States Court of Appeals, Fourth Circuit.

Submitted: May 30, 2014.

Decided: June 19, 2014.

Michael T. Hemenway, The Law Offices of Michael T. Hemenway, Charlottesville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Grayson A. Hoffman, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

Before KING, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Santonio Lenord Minus was convicted by a jury of one count of conspiracy to distribute and manufacture 280 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012) (count one), and five counts of distribution of a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The jury also found that it was reasonably foreseeable to Minus that the conspiracy involved at least 280 grams of cocaine base. The district court denied Minus's motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. At sentencing, the district court adopted the probation officer's recommendation in the presentence investigation report and determined that Minus was accountable for at least 840 grams of crack cocaine. The court varied downward from the Sentencing Guidelines range and sentenced Minus to 180 months of imprisonment.

On appeal, Minus contests his convictions and sentence. He argues that district court erred in denying his Rule 29 motions, and erred in determining the drug quantity at sentencing. His arguments are based on his assertion that the evidence was insufficient to establish his guilt or to establish that he was responsible for at least 840 grams of crack cocaine. We affirm.

This court reviews a district court's denial of a Fed.R.Crim.P. 29 motion for a judgment of acquittal de novo. *United States v. Smith*, 451 F.3d 209, 216 (4th Cir.2006). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir.1997) (internal quotation marks omitted). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" *Smith*, 451 F.3d at 216. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). Furthermore, "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *Beidler*, 110 F.3d at 1067 (internal quotation marks and alteration omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Id.* (internal quotation marks and citation omitted). "The settled law of this circuit recognizes that the testimony of a defendant's accomplices, standing alone and uncorroborated, can provide an adequate basis for conviction." *United States v. Gillion*, 704 F.3d 284, 293 (4th Cir.2012) (quoting *United States v. Burns*, 990 F.2d 1426, 1439 (4th Cir.1993)), *cert. denied*, —— U.S. ——, 133 S.Ct. 2039, 185 L.Ed.2d 888 (2013).

To prove that Minus distributed crack cocaine, the Government was required to prove (1) distribution of crack cocaine, (2) that Minus had knowledge of the distribution, and (3) that Minus intended to distribute the crack cocaine. *United States v. Randall*, 171 F.3d 195, 209 (4th Cir.1999). To prove that Minus engaged in a conspiracy to distribute crack cocaine, the government was required to demonstrate (1) an agreement between two or more persons to distribute crack, (2) Minus's knowledge of the conspiracy, and (3) Minus's knowing and voluntary participation in the conspiracy. *United States v. Hackley*, 662 F.3d 671, 678 (4th Cir.2011). Minus does not dispute the existence of the conspiracy, but rather that the evidence was sufficient to establish his participation in it. "Circumstantial evidence alone is sufficient to support a conviction for conspiracy." *Id.* at 679.

"It is ... elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence." *United States v. Burgos*, 94 F.3d 849, 858 (4th Cir.1996) (internal quotation marks omitted). A defendant may be convicted of a conspiracy charge without knowing all of the details of the conspiracy "if he joins the conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan on one occasion." *Id.* (internal quotation marks omitted). "[O]nce it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the defendant and the conspiracy to support conviction." *Id.* at 861 (internal quotation marks omitted).

We have carefully reviewed the record and conclude that the district court did not err in denying Minus's Rule 29 motions. The evidence at trial clearly established that Minus was a knowing member in the drug conspiracy charged in count one of the indictment, and that he committed the distributions of crack cocaine for which the jury found him guilty. Counsel's arguments in the Rule 29 motion and on appeal focus on the alleged lack of credibility of the Government's witnesses. It is black letter law, however, that evaluation of credibility is the exclusive province of the jury. The jury obviously carefully considered the evidence related to Minus, as it requested replay of the audio from two controlled buys he participated in, and acquitted him of one of the distribution counts.

Minus next challenges the district court's determination of the drug quantity for which he was responsible. "[T]he government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011). In terms specific to a § 846 conspiracy conviction, the drug quantity attributable to a defendant is the quantity involved in the conspiracy that was reasonably foreseeable to the defendant. *See* U.S.S.G. § 1B1.3 (a)(1); *Randall*, 171 F.3d at 210 ("[T]he district court may attribute to the defendant the total amount of drugs involved in the conspiracy, provided the drug quantities were reasonably foreseeable to the defendant and are within the scope of the conspiratorial agreement.").

This court reviews for clear error the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes. *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir.2013), *cert. denied,* —— U.S. ——, 134 S.Ct. 1528, 188 L.Ed.2d 460 (2014). Under this standard, this court will reverse the district court's finding only if it is "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). When determining facts relevant to sentencing, "a sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010). Our review of the record leads us to conclude that the district court correctly determined the relevant drug quantity and base offense level.

Accordingly, we affirm Minus's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED.*